RISTINE *et al. v.* EARLY *et al.*

STATUTES CONSTRUED—EXECUTION.—Section 527 of the code, (2 G. & H. p. 264,) must be so construed as to require that the time during which a party to a judgment may be restrained from proceeding to collect it, by agreement of the parties entered of record, shall be certain and fixed, and not uncertain or determinable by future events. Public policy requires that the public records should afford definite and certain information as to the incumbrances upon real estate.

APPEAL from the *Fountain* Circuit Court.

HANNA, J.—Suit to enjoin a sale of lands on execution. The complaint shows that title to the lands was derived through one *Piatt*, against whom, as surviving partner of the firm of *Piatt & Winans, Early* had recovered a judgment, on the 20th of *September*, 1841, upon which the said execution had issued on the 9th of *March*, 1860.

The answer admitted the facts thus stated, but set up that at the time the judgment was taken there was an entry of record, following said entry of judgment, in these words: "And it is agreed by the parties in open Court that there shall be a stay of execution on the above judgment until the estate of the said *Cornelius S. Winans* shall first be exhausted," and that at the same term, a judgment was taken on the same claim against the administrator of said estate of *Winans;* that said *Early* afterwards, to-wit, in 1860, recovered against said administrator and his sureties a judgment for assets of said estate, &c., and, by execution thereon, exhausted said estate; and that there still remained due on said first named judgment the amount for which said execution was issued. To this answer there was a demurrer overruled. A reply was then filed, that said *Early* had, for an unreasonable length of time, failed to press a settlement of said estate of *Winans,*

Ristine et al. *v.* Early et al.

or to proceed to exhaust the same. There was a demurrer sustained to said reply, and an injunction refused.

The rulings on the demurrers raise the questions for our consideration.

The answer is accompanied by a transcript of the judgment and proceedings in the case of *Early* against *Piatt*, in 1841; also, in the case against the administrator at the same term; also, of the case against him and his sureties, in 1860; also, the settlement sheet of the said administrator made in 1858. From all of which, so far as we can see, great and unreasonable delay occurred in the effort to collect said debt from the estate of said *Winans*.

For many years, judgments have been, by statutes of the State, declared to be liens upon the real estate of the judgment debtor. See Rev. Stat. 1831, p. 274–5; Rev. Stat. 1838, p. 316; Rev. Stat. 1843, p. 454; 2 Rev. Stat. 1852, p. 154. The statute of 1831 was continued in the revision of 1838, with its exceptions, which will be hereafter noticed. A part of those exceptions was dropped out of the revision of 1843, and reinserted in that of 1852.

The substance of all those acts is the same, namely, that a judgment is a lien for ten years after the rendition thereof, and no longer, exclusive of the time during which the party may be restrained from proceeding thereon by any appeal or injunction, or by the death of the defendant, or by agreement of the parties entered of record. This latter exception is the one that was dropped out of the revision of 1843, but reinserted in that of 1852. But, it will be observed, it was in force at the time the judgment was taken—in 1841—and the agreement therein made.

The first question, then, for consideration is upon the ruling on the demurrer to the answer. That, in the absence of all fraud, a judgment is a lien at all, is the result of statutory enactment. We suppose the exceptions could have been left

Ristine et al. *v.* Early et al.

out of the statutes of 1831 and 1838, and the lein made positive for ten, or, as well, for twenty years. But an exception was inserted, that, it is insisted, embraced the arrangement entered into by the parties to the judgment taken in 1841, whilst said statute was in force. The question upon the demurrer to the answer is, whether such was the fact; that is, whether said agreement was one that should be recognized as binding under said statute, conceding it to be in force. We are of opinion that public, as well as private interests, require that all incumbrances upon real estate should be clear and definite, not only as to their terms, but as to time. This results from the fact, that real estate so often passes from one to another in this country, that purchasers should be enabled to determine, from an examination of the public records, where leins, &c., are required to appear, the fact of whether a lien exists, and the amount and duration thereof. By turning to the agreement in restraint of execution, in the case at bar, it will be seen that it is indefinite as to the time such restraint might continue to exist; it might be for a short period —two years say—as there were some portions of the statutes, in regard to the settlement of decedents' estates, that would indicate that such settlement should take place within about that period. Or it might be said that such settlement should be made within a reasonable time, considering the circumstances of each particular case. This would be about as indefinite as the agreement itself; or it might be insisted, as in this case, that the lien might continue for eighteen or twenty years. The exact language of the statute of 1838 is: "But any time of restraint upon the judgment creditor, by the order or decree of a Court of justice, or by agreement between the plaintiff and defendant, entered of record, prohibiting execution to be done upon such judgment, shall not be computed as a part of the time aforesaid." That is a part of the ten years.

In view of the policy of the law, as affecting public and private interests, above adverted to, we are of opinion, a correct construction of this statute would require an agreement, to fall within its provisions, to be for a certain and fixed period of time; that is, that execution should be suspended for a period of time agreed upon definitely—as two, three or four years—but not depending upon uncertain events.

It would follow, from this conclusion, that the agreement, in this case, was not such an one as would have prevented the judgment creditor from taking out his execution at any time, and consequently did not affect the operation of the general law on the subject of leins and their duration. If this is correct, and we think it is, the lein of the judgment, upon which the execution issued, in the case at bar, had ceased to exist for a long time previous to the issue and levy of the said execution. As these facts all appear by the answer, the demurrer thereto should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*Huff & Jones*, for the appellants.